### OAKLEY v. BRIGGS et al.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

JUDICIAL SALE—OBJECTION BY PURCHASER TO TITLE.

　　A purchaser at a partition sale, in 1891, objected to the title upon the ground that a map of a road of a turnpike company, on file in the register's office of the county, showed that a portion of the premises formed part of such road. It did not appear by whom the map was filed, or whether it was authentic, or had any official character. The road had been discontinued prior to 1810, and the attorney for the turnpike company orally disclaimed any interest on the part of the company. There was no vestige of such a road in the vicinity of the premises, the official city maps failed to show it, and the property was assessed irrespective of any map. About 1859 a division of the tract in which the premises were located had been made and lots laid out and conveyed without mention of the road, and the property had been held by the grantees from that time. *Held,* that the objection was too shadowy and contingent to justify the purchaser in refusing to complete.

Appeal from special term, New York county.

Action of partition by Thomas C. Oakley against Charles A. Briggs and others. Plaintiff appeals from an order denying a motion to compel the purchaser, Henry C. Bauer, to complete the purchase. Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Sol. Kohn,* for appellant. *Wm. H. E. Jay,* for respondents.

LAWRENCE, J. While it is well settled that a purchaser at a judicial sale is entitled to a marketable title, and one that is free from reasonable doubt, it is also the rule that the defect in the title sought to be rejected must be substantial, and not rest on a mere possibility or contingency. *Cambrelleng v. Purton,* 125 N. Y. 610, 26 N. E. Rep. 907. The description of the property sold in this case, it is conceded by the statement of facts agreed upon by the parties, embraces about 20 feet of the old road, which the early deeds forming part of the claim of title refer to as the road or highway leading from Brooklyn ferry to Jamaica, and by which the tract of land, of which the premises sold formed part, is bounded easterly and northerly. It is also conceded that there is a house upon the front part of the premises sold, and that the yard or rear portion, embracing the road, is inclosed with a fence, and that there is no trace or vestige of a road in the block in which the premises are located, nor in the blocks in the vicinity thereof, but that said blocks appear upon the official maps of the city of Brooklyn as if such road did not exist, and the property is assessed by the public assessors irrespective of any road. The objection of the purchaser rests upon the fact that his attorney, while searching the title to the premises, found on file in the register's office a map of the Brooklyn & Jamaica Turnpike Company, and that on said map

a portion of the premises described herein appeared to be and formed a part of the said road. It does not appear by whom the map was made or filed, nor does it appear that it was authentic, or had any official character. The affidavit in support of the motion shows that an old road is shown upon maps of the city of Brooklyn, but that, according to the best information that the affiant has been able to obtain, the road was discontinued prior to the year 1810, and that quitclaim deeds have been obtained from the city of Brooklyn to the heirs of David R. Briggs, being all the parties to the action of partition, and that the same has been tendered to the purchaser, who has refused to complete and take title, solely on the ground that the rear part of the premises is a part of the old road leading from Brooklyn ferry to Jamaica, and that the deceased never had title thereto. It further appears that the attorney for the Brooklyn & Jamaica Turnpike Company disclaimed any interest on the part of said company to the said road, but refused either to put such disclaimer in writing, or to procure a quitclaim from said company, and that, upon said attorney's consulting maps of the city of Brooklyn, in the presence of the moving party's attorney, it was found that the alleged road was not part of the old Brooklyn & Jamaica Turnpike Company's road, and that said road did not abut upon the premises in question, or form part thereof. Under these circumstances, we are of the opinion that the objection of the purchaser to the title cannot be maintained. Assuming that the land abutted upon the old road, the title to the center of the road remained in the owners of the adjoining land, subject to the easement, and, when the road ceased to be used, the right to the exclusive possession of the land vested in the abutting owners. Inasmuch as in 1859 the tract, including the land and road in question, was conveyed to William Stewart, whose executors divided the same into lots, and the conveyances by them made no mention of any road, but bound the lots by street lines, and inasmuch as there is no pretense that the property has not been held by Stewart and his grantees exclusively and adversely from that time, we are of the opinion that the objection to the title of the heirs of Briggs is too shadowy and contingent to justify the purchaser in refusing to complete his purchase. *Post* v. *Bernheimer*, 31 Hun, 247; *Ottinger* v. *Strasburger*, 33 Hun, 469; *Cambrelleng* v. *Purton*, 125 N. Y. 610, 611, 26 N. E. Rep. 907. The order below should be reversed, and the motion to compel the purchaser to complete should be granted, with costs and disbursements to the appellant.